(No. 85-CV-089

*In re* APPLICATION OF MARIA MARQUEZ.

*Opinion filed May 15, 1985.*

MARIA MARQUEZ, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (ALISON P. BRESLAUER, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This claim arises out of an incident that occurred on June 2, 1984. Maria Marquez, sister of the deceased victim, Alfonso Castro, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on March 19, 1985, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased brother, Alfonso Castro, age 32, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: murder (Ill. Rev. Stat. 1979, ch. 38, par. 9—1).

2. That on June 2, 1984, the victim was shot by an offender who was not known to him. The incident occurred at the Matchualas Social Club, 1511 West Irving Park, Chicago, Illinois. Police investigation revealed that following a dispute between the offender and another individual, the offender produced a gun and fired it several times. Two of the gunshots struck the man with whom the offender was arguing. Another shot passed through a wall and struck the victim in the chest. The victim was taken to Illinois Masonic Hospital where he was pronounced dead on arrival. The alleged offender has been apprehended and is presently being prosecuted for murder.

3. That the Claimant seeks compensation under the

Act for funeral expenses only. The Claimant was not dependent upon the victim for support.

4. That funeral and burial expenses were paid by the Claimant in the amount of $2,985.00. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum amount of $2,000.00. Ill. Rev. Stat. 1979, ch. 70, par. 72(h).

5. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

6. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims, (except in the case of an applicant 65 years of age or older) and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veteran Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal social security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

7. That the Claimant has received no reimbursements as a result of the victim's death that can be counted as applicable deductions.

8. That after making all the applicable deductions under the Act, the Claimant's loss is in excess of the $2,000.00 maximum award deemed compensable under the Act for funeral benefits.

It is hereby ordered that the sum of $2,000.00 (two thousand dollars) be and is hereby awarded to Maria

Marquez, sister of the deceased victim, Alfonso Castro, an innocent victim of a violent crime.